J-S31038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
        :          PENNSYLVANIA
        :
       v.         :
        :
        :
WALTER JORDAN,         :
        :
       Appellant       :    No. 3855 EDA 2017

Appeal from the Judgment of Sentence October 3, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003741-2017

BEFORE: SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:          **FILED OCTOBER 18, 2018**

Appellant Walter Jordan appeals from the Judgment of Sentence imposed after he entered an open guilty plea to Driving Under the Influence ("DUI")-Third Offense, and Driving While License Suspended-DUI Related.[1] Appellant's counsel seeks to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Upon review, we grant Counsel's Petition to Withdraw and affirm the Judgment of Sentence.

On October 2, 2017, while represented by counsel, Appellant entered an open guilty plea to the above charges. At Appellant's request, the court immediately sentenced him to a term within the mitigated range of the Sentencing Guidelines of 11½ to 23 months' incarceration followed by 3 years'

---

[1] 75 Pa.C.S. § 3802(a)(1) and 75 Pa.C.S. § 1543(b)(1).

probation for the DUI.  **See** N.T., 10/2/17, at 11-12.  The court imposed a concurrent term of 60 days' incarceration for the Driving with a Suspended License offense.  The court denied Appellant's Post-Sentence Motions[2] after a hearing.

Appellant timely appealed on November 2, 2017.[3]  Appellant's counsel filed a Pa.R.A.P. 1925(c)(4) Statement, and the trial court filed a Rule 1925(a) Opinion.

In the **Anders** Brief, counsel raised one "Point of Arguable Merit" challenging the sentence of 11½ to 23 months' incarceration as too harsh. **Anders** Brief at 7.

We first consider Counsel's Petition to Withdraw.  When presented with an **Anders** Brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.  Before counsel is permitted to withdraw, he or she must meet the following requirements:

> First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit; and third, he must furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or to himself raise any additional points he deems worthy of the Superior Court's

---

[2] Appellant filed counseled as well as *pro se* Post-Sentence Motions.  The trial court properly concluded that "hybrid representation" is prohibited, and concluded that Appellant's *pro se* filings were legal nullities.  Order, 10/17/17, at 2 n.3.

[3] On November 13, 2017, Appellant filed a *pro se* Motion for Early Parole, which the trial court denied on November 14, 2017.

attention.

***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179, 183 (Pa. Super. 2008) (citations omitted).

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). "[W]hen counsel meets his or her obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" ***Id.*** at 355 n.5.

Here, Counsel's Petition to Withdraw states that he has made a conscientious examination of the record, determined that the appeal is wholly frivolous, notified Appellant of his opinion and provided him with a copy of his ***Anders*** Brief, and advised Appellant that he may proceed *pro se* or retain private counsel. Furthermore, we are satisfied that Counsel's ***Anders*** brief complies with the dictates of ***Santiago***. We therefore proceed to an independent review of Appellant's sole issue—a challenge to the discretionary

aspects of his sentence.[4]  *See Bynum-Hamilton*, 135 A.3d at 183.

With respect to our review of a challenge to the discretionary aspects of sentence, this Court has stated:

> A challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right.  An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Bynum-Hamilton*, 135 A.3d at 184 (some citations omitted).  Where counsel files an *Anders* Brief, we may overlook the lack of a Rule 2119(f) statement.

*Id.*

Here, Appellant filed a timely Notice of Appeal and sought reconsideration of his sentence in a timely Post-Sentence motion.  The *Anders* Brief includes a "Petition for Allowance of Appeal from the Discretionary Aspects of the Judgment of Sentence," but Counsel concludes, after citing relevant case law, that Appellant's challenge to his sentence as harsh does not raise a substantial question.  Counsel's conclusion does not impede our independent consideration of whether the issue presents a substantial

_____

[4] Appellant did not respond to Counsel's Petition to Withdraw and *Anders* Brief.

question.

> In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

*Com. v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013) (internal citation omitted).

In challenging a sentence that falls within the guidelines, a defendant must "advance[] a colorable argument that the sentencing judge's actions were either (1) inconsistent with a specific provision of the Sentencing code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Sierra*, 752 A.2d 910, 912-13 (Pa. Super. 2000).

At the hearing on the Motion for Reconsideration, the court noted that it had mitigated the standard range sentence to a minimum of 11½ months so that Appellant could stay in county jail, recognizing Appellant's circumstances, *i.e.*, his family, work ethic, and show of remorse at the time of the plea, while also considering Appellant's prior record. *See* N.T. Reconsideration, 10/24/17, 4, 19-20. *See also* N.T. Sentencing at 18-19 (noting mitigation of sentence). Our independent review of the record reveals no evidence that would support an argument that the mitigated standard range sentence was "inconsistent with a specific provision of the Sentencing

code" or "contrary to the fundamental norms underlying the sentencing process." **Sierra**, **supra** at 912-13. Thus, we conclude Appellant has failed to raise a substantial question.

Further, after conducting a full examination of all the proceedings, as required pursuant to **Anders**, we discern no non-frivolous issues to be raised on appeal. **See Commonwealth v. Yorgey**, 188 A.3d 1190, 1198-99 (Pa. Super. 2018). We therefore grant Counsel's Petition to Withdraw and affirm the Judgment of Sentence.

Petition to Withdraw granted. Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/18